UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AVA STROLE, | : | Case No. 1:13-cv-929 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR ATTORNEY FEES (Doc. 23)**

This case is a Social Security disability benefits appeal under which the Court reversed the ALJ's non-disability finding and entered judgment in favor of Plaintiff awarding benefits. (Doc. 13). Seeking to be compensated for the legal expenses incurred in obtaining the award, Plaintiff has filed a fee application (Doc. 23) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] The Commissioner of Social Security ("Commissioner") opposes the reasonableness of the fee request. (Doc. 25).

Plaintiff seeks an award of $12,556.50 (plus $400.00 in costs). When that figure is divided by the number of compensable hours (67.9), it results in an hourly fee of $184.93.

The Commissioner claims that 67.9 hours is excessive and asks that the Court reduce the number of hours to 35. Specifically, the Commissioner argues that:

---

[1] This Court previously granted Plaintiff's motion for fees after the Commissioner failed to timely respond. (*See* Doc. 19 at fn. 2 and Doc. 21). Nonetheless, the Court revisits the amended motion for fees upon the Commissioner's objections.

(1) counsel's itemization does not add up; (2) compensation for 37.3 hours of time spent reviewing the administrative record and drafting and editing the merits brief is excessive; (3) having represented Plaintiff since June 2010, counsel should not have had to review the administrative record multiple times; (4) fifteen hours drafting the reply brief is excessive; and (5) counsel improperly seeks compensation for clerical tasks.

First, the Commissioner argues that counsel's itemization of time does not add up. The Commissioner incorrectly argues that Plaintiff's counsel separately stated his time of 2.5 hours for 2013 and then added that to his time for 2014. The Court finds that the hours in Plaintiff's time sheet total 67.9 hours.

Second, the Commissioner alleges that the 37.3 hours spent preparing the opening brief was excessive. Plaintiff's counsel supported his motion with contemporaneously maintained time sheets and a signed sworn affidavit as to their accuracy. Additionally, Plaintiff supplied a sworn affidavit of attorney Stephen Olden, who independently reviewed the work and confirmed that Plaintiff's expenditure of time was reasonable. Mr. Olden stated that "[w]hile on the high side for some cases, given the issues and dense, in-depth findings that had to be overcome in this case, from a decision written by a veteran well-established administrative law judge, the number of hours is very reasonable and is in line with what would be expected in similar Social Security disability cases." (Doc. 16 at PageID1285-1287). Moreover, Plaintiff's counsel claims that this appeal was challenging and different than the ordinary Social Security appeal because the ALJ used a

2

paid medical adviser whom the Commissioner cited 45 times. Additionally, the medical record was in excess of 800 pages and the total record was 1150 pages. Furthermore, there were two separate hearings over a six month period simply to obtain all of the medical expert's testimony and allow adequate cross-examination. Counsel argues that it was a significant task to examine the record in order to determine whether the medical expert's opinion was credible. The Court finds counsel's explanation to be reasonable and supported by his time sheets and sworn affidavit.

Third, the Commissioner objects to the fact that counsel billed for reviewing the transcript, when he had previously done so at the administrative level. This case took approximately 18 months between the time the appeal was filed with the Appeals Council and when his brief in this Court was filed. During that time, counsel handled hundreds of other disability claims and it was simply impossible for him to retain the details of this case such that no subsequent review was needed after the administrative process concluded.

Fourth, the Commissioner argues that 15 hours drafting the reply brief was excessive. Plaintiff maintains that he considers the reply brief more important than the opening brief and attests to the fact that he spent 15 hours drafting the same. The Court agrees that the reply brief is often the most important filing and has no reason to question Plaintiff's sworn attestation that he spent 15 hours drafting it.

Finally, the Commissioner claims that seeking compensation for clerical tasks totaling 2.1 hours was improper. It is well settled that while time spent by a paralegal or

3

legal assistant is compensable under EAJA, the test for compensability is whether the work is sufficiently complex or work traditionally performed by an attorney. *Mohr v. Comm'r of Soc. Sec.*, No. 3:11cv2731, 2013 U.S. Dist. LEXIS 18728, at *4 (N.D. Ohio Feb. 12, 2013). Purely secretarial or clerical tasks should not be recoverable, regardless of who performs them. *Id.*

> "Care must be taken so that compensation for tasks such as reviewing communications from the court, monitoring the docket and filing briefs – work traditionally done by attorneys – not be denied when these functions are performed by a paralegal or legal assistant since denying such compensation would be counterproductive to legal efficiency and cost-effectiveness by encouraging lawyers to handle such duties themselves in order to insure compensation in the fee award."

*Id.* (quoting *Byland v. Comm'r of Soc. Sec.*, No. 5:11cv75, 2013 U.S. Dist. LEXIS 142132, at *34 (N.D. Ohio Feb. 27, 2013)). Accordingly, the Court finds that the "clerical" work done by Plaintiff's counsel – filing briefs and reviewing court documents – are compensable under the EAJA. *See also Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) (tasks that require at least some legal knowledge to accomplish may be compensable under the EAJA, even if the tasks also involve clerical or secretarial work).

Accordingly, Plaintiff's motion for attorney's fees (Doc. 23) is **GRANTED**. Plaintiff is **AWARDED** the sum of $12,556.50 in attorney fees and $400 in costs, for a total of **$12,956.50**. This award satisfies Plaintiff's claims for fees, expenses, and costs under 18 U.S.C. Section 2412.[2] Defendant's motion to amend/correct the Order Granting

---

[2] Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). However,

4

Attorney Fees (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

Date: 6/29/15

_____
Timothy S. Black
United States District Judge

---

if counsel for the parties can verify that Plaintiff does not owe any pre-existing debt subject to offset, the Defendant shall direct the award to Plaintiff's attorney pursuant to the EAJA assignment which was signed by Plaintiff and counsel.

5